**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

SCOTT A. MERRITT,

    *Plaintiff*,                              CASE NO: 12-CV-13645

v.                                        DISTRICT JUDGE THOMAS LUDINGTON
                                          MAGISTRATE JUDGE CHARLES BINDER

JONATHAN LAUDERBACH,
CATHERINE DAVIS, DEB
FINNEY, KAREN WAGNER, KATIE
GENZEL, MIDLAND FRIEND OF THE
COURT, and STATE OF MICHIGAN,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

On August 16, 2012, Plaintiff Scott A. Merritt, filed this *pro se* action. The defendants include a Midland County Michigan Circuit Judge, the Midland County Friend of the Court, along with several Friend of the Court employees, and the State of Michigan. The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 3.) Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28

U.S.C. § 1915(a)(1). (Doc. 5.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B. Screening Procedure & Governing Law

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal.") This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

**C.    The Complaint**

Since the complaint in this case is a long narrative with no citation to statutes or constitutional provisions, it is unclear what basis Plaintiff posits for federal court jurisdiction.

Plaintiff complains that Defendants inflicted emotional distress upon him, defrauded him with "the sole purpose of damaging [him] professionally and financially" through the "use of court fees in an excessive and intentionally punitive manner[,]" and committed "blatant gender bias" by not punishing "the mother" when she "did not show up for court[.]" (Compl., Doc. 1 at 1-2.) Plaintiff also avers that any "potential immunity" of the defendants is "waived by statute[,]" i.e., "statute of frauds, government corruption, civil rights statutes, intentionally violating due process" and "criminal actions which always voids any potential immunity." (*Id*. at 3.)

Plaintiff also contends that his "professional and financial career" was "attack[ed]" by "articles in the Midland Daily News in which said officials disseminated information that was not only not true but a breach of privacy laws" amounting to "financial abuse," which "kept up fees being imposed until [plaintiff was] unable to keep up" and "fraud, defamation of character, slander and numerous other offenses." (*Id.*) Plaintiff states that "new charges of fees were already decisional before I was even notified in writing if notified at all," which was in violation of "due process[.]" (*Id.*)

Plaintiff asserts that "false arrests" were "illegally listed as felonies and resulted in loss of numerous contracts" despite Plaintiff having been the victim of identity fraud and having these false convictions "subsequently removed" with the "assistance of my U.S. congressman, the FBI, Secret Service, department of justice and the Michigan state police." (*Id*. at 3-4.) Plaintiff adds that these "falsehoods were reinserted at the behest of Deb Finney, Karen Wagner and related Midland Friend of the Court officials and this all occurred under the watch of Catherine Davis and Jonathan Lauderbach's watch who blatantly acted with willful blindness and given the degree of malfeasance complicity is apparent." (*Id*. at 4.) In addition, "Mrs. Genzel also shredded numerous

4

communications and responses to avoid said items being reviewed and I witnessed this on at least 1 occurrence." (*Id.*)

Plaintiff's complaint seeks "[t]he only acceptable outcome [which] is the entire striking of all files permanently due to the falsehoods past and present" and the "returning of all court fees and related expenses of all types for the last decade as well as punitive damages of 1 million per defendant." (*Id*. at 5.) Furthermore, Plaintiff states that the "matter should also be directed to the appropriate authorities for the necessary criminal actions as well." (*Id*.)

Plaintiff attaches court documents showing he was the victim of identity theft and that criminal records were corrected to reflect the same, as well as documents filed post-judgment in his state court divorce case regarding child support obligations, including orders to show cause why he should not be held in contempt for failure to pay support. (*Id*.) In addition, Plaintiff includes a letter from an attorney, Craig Elhart, to the Friend of the Court, Catherine Davis, dated February 15, 2010. (*Id*. at 35.) The letter indicates that Plaintiff "recently obtained a copy of his credit report and found that the State of Michigan Office of Child Support has reported him delinquent in his child support payments," and asserts that "Mr. Merritt vigorously disputes that claim as he believes, not only is he not delinquent in child support, but that he may, in fact, have a credit balance." (*Id.*)

Construing the complaint most liberally, it appears that Plaintiff may be attempting to assert a federal civil rights claim under 42 U.S.C. § 1983 for a violation of due process. All other potential claims – defamation, fraud, and intentional infliction of emotional distress – would arise under state law.

5

**D.     Analysis & Conclusions**

**1.     Defendant State of Michigan**

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute nor did it do so under § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the State of Michigan remains immune from suit under the Eleventh Amendment.

**2.     Defendant Midland Friend of the Court**

Plaintiff has named the Midland [County] Friend of the Court as a defendant in this lawsuit. The Midland County Friend of the Court is an arm of the Midland County Circuit Court. Mich. Comp. Laws § 552.503(1) (creating office of Friend of the Court in each judicial circuit). The circuit courts are arms of the state and thus, immune from suit. *See, e.g., Nicklay v. Eaton County Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008); *Judicial Attorneys Ass'n v. State of Mich.*, 459 Mich. 291, 586 N.W.2d 894, 897-98 (Mich. 1998) (judiciary is a separate and independent branch of the state government). Therefore, the Michigan circuit courts are part of the state and not the local, county or city, government. *Judges of the 74th Judicial Dist. v. Bay County*, 385 Mich. 710, 190 N.W.2d 219, 224 (Mich. 1971). As a result,

Eleventh Amendment immunity cloaks the state courts as it does the state itself. *Harmon v. Hamilton County Court of Common Pleas*, 83 Fed. App'x 766, 768 (6th Cir. 2003).

Even if the Midland County Friend of the Court were considered a county department rather than an arm of the state circuit court, the result would be the same. As stated above, the first element of a claim under § 1983 is that the defendant must be a person acting under the color of state law. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). It is well-settled that a county department is not a legal entity capable of being sued, nor is it a "person" for purposes of a § 1983 action. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Haverstick Enter., Inc. v. Financial Fed. Credit, Inc.,* 803 F. Supp. 1251, 1256 (E.D. Mich. 1992). Accordingly, I suggest that this claim is subject to *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 3. **Defendant Lauderbach**

I suggest that Plaintiff has failed to state a claim because Defendant Midland County Circuit Judge Jonathan Lauderbach was acting in his judicial capacity in a state court case over which he had jurisdiction, and therefore he enjoys immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983"). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199- 200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646 (1871)). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for

nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11 (citations omitted). Since none of the exceptions to judicial immunity are alleged here, I suggest that Defendant Lauderbach is protected from suit by absolute judicial immunity and should be dismissed.

    **4.**    **Defendants Davis, Finney, Wagner, and Genzel**

Defendant Catherine Davis is the Midland County Friend of the Court and Defendants Deb Finney, Karen Wagner, and Katie Genzel are employees of the Midland County Office of the Friend of the Court. The Friend of the Court and employees of that office "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)). *See also Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981) (immunity applies to Michigan friends of the court in performing their duties); *Trowbridge v. County of Eaton*, No. 1:05-CV-770, 2006 WL 1997390 (W.D. Mich. July 14, 2006) (acts of Friend of the Court employees performed within the scope of their duties entitle them to immunity under § 1983); and *Nowicki v. Bruff*, No. 95-2233, 1996 WL 694141 (6th Cir. Dec. 3, 1996) (Friend of the Court employees entitled to quasi-judicial immunity from suit for money damages). This is so because when employees of the Friend of the Court provide information to the court concerning child custody or support, that is "akin to making recommendations to the court, a function that is 'intimately related to the judicial phase of the child custody proceedings,' and therefore protected by absolute immunity." *LeBeau v. Michigan Dep't of Human Servs.*, No. 10-12624, 2011 WL 4962386, at *7 (E.D. Mich. Oct. 19, 2011) (citing *Rippy*

8

*v. Hathaway*, 270 F.3d 416, 422-23 (6th Cir. 2001)); *accord Zindler v. Rogers*, No. 1:11-cv-770, 2011 WL 4346393, at *4 (W.D. Mich. Aug. 23, 2011). Such immunity applies "even to misrepresentations made in such capacity." *LeBeau* at *7 (citing *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 725-26 (6th Cir. 2011)). Since the allegations all fall within the scope of these Defendants' performance of their job functions, I suggest that they are entitled to immunity and, thus, that the claims against them should be *sua sponte* dismissed.

### 5. Conclusion

For the reasons stated above, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief can be granted.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

|  |  |
|---|---|
| Dated: September 5, 2012 | s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗<br>CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Scott A. Merritt, P.O. Box 725, Bay City, MI 48707.

Date:  September 5, 2012                                    By       s/Patricia T. Morris
                                                                                    Law Clerk to Magistrate Judge Binder