UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

    Plaintiff,

v.

JONATHAN LAUDERBACH,
CATHERINE DAVIS, DEB FINNEY,
KAREN WAGNER, KATIE GENZEL,
MIDLAND FRIEND OF THE COURT,
and STATE OF MICHIGAN,

    Defendants.

Case No. 12-13645
Honorable Thomas L. Ludington

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT**

Over the past eight months, Plaintiff Scott Merritt has become very familiar with this Court. During that time, he has filed at least seven lawsuits against various parties. The seven Defendants in this case find themselves the same seven defendants in another case Plaintiff has filed (Case No. 12-14141).

Plaintiff filed this *pro se* action on August 16, 2012. That same day he filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which was granted. Upon review pursuant to § 1915(e)(2), Plaintiff's complaint does not state a claim on which relief may be granted, and the action will be dismissed.

**I**

Plaintiff's complaint is fairly characterized as a long narrative with no citation to statutes, constitutional provisions, or legal authority. He begins, "They falsely arrested and falsely listed as felony and in spite of removal keeps being reinstated by FOC." Pl.'s Compl. 1, ECF No. 1.

His next sentence is equally incomprehensible: "Maliciously and tortiously used government position to inflict extreme emotional & financial distress and abuse of position." *Id*.

Sifting through Plaintiff's wording, the following lines seem to encapsulate his basic allegations: Defendants inflicted emotional distress upon him, defrauded him with "the sole purpose of damaging [him] professionally and financially" through the "use of court fees in an excessive and intentionally punitive manner," and committed "blatant gender bias" by not punishing "the mother" when she "did not show up for court." *Id*. at 1–2. Plaintiff seeks restitution of "$12,500 in false fees, $3,000 in attorneys fees," and the "restitution of a small fraction of lost revenue." *Id*. at 2. All told, Plaintiff believes he is entitled to $6,013,500.[1]

Construing the complaint most liberally, it appears that Plaintiff attempts to assert a federal civil rights claim under 42 U.S.C. § 1983 for a violation of due process. All other potential claims — defamation, fraud, and intentional infliction of emotional distress — would arise under state law.

## II

The Supreme Court has recognized that Congress, in enacting the federal *in forma pauperis* statute, " 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). At the same time, however, "Congress recognized that 'a litigant

---

[1] Plaintiff claims the following losses: $12,500 in "illegal" show cause fees; $4,000 in Court costs; $7,000 in attorney's fees; $120,000 for his lost home; $27,000 in lost Banc One Financial Services commissions; $80,000 in lost Northwestern Mutual commissions; $350,000 in lost Northwestern Mutual contribution fund; $50,000 in lost security appointment revenue; $750,000 in lost revenue due to the inability to acquire replacement securities appointments; and $604,000 in losses as a result of defamation of character. This subtotal ($2,004,500) was then multiplied by 3 "[i]n accordance with the statute of frauds, and related corruption, related collusions statutes damages" to establish a total loss of $6,013,500 due to "defendants['] intentional direct meddling." Pl.'s Obj. 2–3, ECF No. 7.

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Wiliams*, 490 U.S. 319, 324 (1989)). Responding to this concern, Congress provided § 1915(e)(2), which establishes that a court "*shall* dismiss the case" if the court finds that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e)(2) (emphasis added).

When a plaintiff proceeds without the assistance of counsel, a court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a complaint must contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); it must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

### III

Before the sufficiency of Plaintiff's pleadings can be addressed, one other issue must be resolved. In Plaintiff's second case against these same Defendants (12-14141), he filed a motion for my recusal based on my relationship with the parties. Although no such motion has been filed in this case, it is appropriate to address the issue given the consistency of Defendants.

**A**

Plaintiff requested that I recuse myself because, in his words, I have "a long standing relationship with multiple defendants," and because I was formerly employed as a judge by Midland County. Motion of Recusal, *Scott Merritt v. Jonathan Lauderbach, et al.*, 12-14141, 1 (E.D. Mich. 2012). According to Plaintiff, "[t]his well established and well publicly known knowledge relationship presence an obvious conflict in the case." *Id*. Plaintiff continues that as a judge in Midland County, I "served with several of the defendants . . . and these relations span many years and is deemed both professional and personal in nature." *Id*. According to Plaintiff, "this obvious conflict of interest" will result in "obvious favoritism and professional courtesy that will be extended." *Id*. Finally, Plaintiff concludes that I must recuse myself "immediately, otherwise [he] will be forced to file and take formal action." *Id*.

**1**

It is important to note that "a judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.' " *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (unpublished opinion) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). "The burden is not on the judge to prove that he is impartial." *Scott*, 234 F. App'x at 352 (citing *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). Recusal can be sought under two different sections of title 28 of the United States Code.

**a**

Title 28 U.S.C. § 144, entitled Bias or prejudice of judge, provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . .

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Recusal is mandatory under § 144 once a party submits a timely, sufficient affidavit and his counsel certifies that the affidavit is made in good faith. *Scott*, 234 F. App'x at 352 (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)).

Plaintiff has filed no such affidavits in this case. Accordingly, my recusal can only be grounded in 28 U.S.C. § 455.

**b**

Title 28 U.S.C. § 455 provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party.

28 U.S.C. § 455. "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Jamieson*, 427 F.3d at 405 (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)).

A district court judge must recuse himself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based 'on the subjective view of a party.'" *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). Nonetheless, a motion for recusal should not be

granted lightly; as the late Chief Justice Rehnquist noted, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (emphasis omitted).

**2**

A hearing was held concerning Plaintiff's motion for recusal (although, of course, it was referenced to the other case, as that is where the motion was filed). I discussed with Plaintiff the reason he moved for my recusal: my work as a judge for Midland County. I explained that I did work with three of the individual Defendants — employees of the Friend of the Court during my tenure — and that Jonathan Lauderbach succeeded me to that bench in 2006. I invited Plaintiff to advance any questions he might have beyond that historical relationship. He offered none.

While it is true I worked as a judge for Midland County, and with many of the individual Defendants, the relationships did not extend beyond my duties as judge and colleague. While familiar and friendly, there is nothing "extrajudicial" about my relationships with any of Defendants at this point. *See Jamieson*, 427 F.3d 405. Further, Plaintiff has elicited no evidence, save his statements that my "bias is obvious," to carry his burden of establishing why my recusal is warranted. Noting that it is my duty to sit where not disqualified, the lack of any extrajudicial relationship between myself and the parties to this case, and Plaintiff's failure to produce evidence to the contrary, Plaintiff's motion for my recusal in Case Number 12-14141 will be denied, and it will not necessitate my recusal here.

**B**

Now to Plaintiff's complaint. Plaintiff has sued the State of Michigan, the Midland Friend of the Court, Midland Friend of the Court Catherine Davis, Midland County Circuit Judge Jonathan Lauderbach, and Midland Friend of the Court employees Deb Finney, Karen Wagner,

and Katie Genzel. Magistrate Judge Charles E. Binder, assessing the case pursuant to § 1915(e)(2)(B), determined that each of these Defendants is protected by qualified immunity. *See* Report & Recommendation 6–9, ECF No. 6. Plaintiff filed timely objections to the report on September 14, 2012.

Plaintiff first claims that "[i]t is abundantly clear" Magistrate Judge Binder recommended his case be dismissed because he "filed for and was approved to proceed [*in forma pauperis*]." Pl.'s Obj. 1, ECF No. 7. To a certain extent, this is true — Magistrate Judge Binder was only reviewing Plaintiff's complaint at this stage of the proceedings because Plaintiff was excused from paying the filing fee pursuant to § 1915(e)(2)(B). However, Plaintiff is wrong to suggest that his case would otherwise not be dismissed. As the magistrate judge correctly concluded, and as will be explained below, each of the Defendants is immune from civil suit in this Court. While Plaintiff's complaint was reviewed and is being dismissed now because he is proceeding *in forma pauperis*, the same result would have occurred regardless of whether he paid the filing fee. He is not entitled to bring these claims.

Plaintiff also objects to the application of immunity to Defendants. He asserts, "[t]he state of Michigan is not immune if funds were collected under false pretenses or unowed." Pl.'s Obj. 5. He claims "[t]he Midland friend of the court is bound in same fashion as that of the state." *Id*. Plaintiff believes Judge Lauderbach is not immune because he exceeded "not only judicial authority but also violated standing court order on file with malicious and tortious intent." *Id*. He concludes, "Defendants [Davis, Finney, Wagner & Genzel] are not protected by immunity when speaking to media concerning privacy protected matter as is the case here. They are not protected when their acts are criminal in nature." *Id*. at 6. Ultimately, Plaintiff is incorrect. His objections will be overruled, and his complaint will be dismissed.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in federal court if the state has not waived immunity, and if Congress has not expressly abrogated immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984).  Congress has not abrogated Eleventh Amendment Immunity by statute, nor has it done so under § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).  Further, Michigan has not waived its right to immunity from civil suit in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).  Accordingly, Plaintiff's claim against Defendant Michigan cannot stand.

Defendant Midland County Friend of the Court is a part of the Midland County Circuit Court.  Mich. Comp. Laws § 552.503(1) (creating office of Friend of the Court in each judicial circuit).  The circuit courts are arms of the state and are thus "immune from suit," just like the state itself.  *See*, *e.g.*, *Nicklay v. Eaton County Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613, at *4 (W.D. Mich. May 20, 2008).  Accordingly, "[t]he Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity." *Id*. (citing *Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986)).  Furthermore, "civil rights actions under 42 U.S.C. § 1983 may only be brought against a 'person,' and courts are clearly not persons within the meaning of the statute." *Nicklay*, 1:08-cv-211, 2008 WL 2139613, at *4 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Defendant Midland County Friend of the Court must therefore be dismissed under Eleventh Amendment immunity.

Like the Midland County Friend of the Court they work for, Defendants Catherine Davis, Deb Finney, Karen Wagner, and Katie Genzel "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Denman v. Leedy*,

479 F.2d 1097, 1098 (6th Cir. 1973)); *see also Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981) (immunity applies to Michigan Friends of the Court in performing their duties); *Trowbridge v. County of Eaton*, No. 1:05-CV-770, 2006 WL 1997390, at *4 (W.D. Mich. July 14, 2006) ("acts of Friend of the Court employees performed within the scope of their official quasi-judicial duties entitle them to immunity from damage actions brought pursuant to 42 U.S.C. § 1983"). This is so because when employees of the Friend of the Court provide information to the court concerning child custody or support, that is "akin to making recommendations to the court, a function that is 'intimately related to the judicial phase of the child custody proceedings,' and therefore protected by absolute immunity." *Lebeau v. Michigan Dep't of Human Servs.*, No. 10-12624, 2011 WL 4962386, at *7 (E.D. Mich. Oct. 19, 2011) (quoting *Rippy v. Hattaway*, 270 F.3d 416, 422–23 (6th Cir. 2001)). "Absolute immunity applies even to misrepresentations made in such a capacity." *Lebeau*, No. 10-12624, 2011 WL 4962386, at *7 (citing *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 725–26 (6th Cir. 2011)).

As best can be discerned, Plaintiff believes he was improperly charged on multiple occasions for contempt, and as a result, assessed improper fees. Plaintiff's allegations against these four individual Defendants thus all fall within the scope of their performance as employees of the Friends of the Court. Qualified immunity applies, and Plaintiff's allegations against these four Defendants will be dismissed.

That leaves us with Defendant Judge Lauderbach. Like the other individual Defendants, Plaintiff asserts that Defendant Lauderbach exceeded his judicial authority when imposing various court fees without giving Plaintiff notice or an opportunity to answer. Notably, Plaintiff does not suggest that he ever appealed the trial court decisions.

Of course, generally, a judge is immune from a suit for money damages. *Mirales v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases). Judicial immunity "is not overcome by allegations of bad faith or malice." *Id*. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Instead, "the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mirales*, 502 U.S. at 11–12 (citations omitted).

Plaintiff does not allege the first exception should apply. Even if he had, it does not. Judge Lauderbach was acting in his judicial capacity when he imposed court fees on Plaintiff. *See McLynas v. Tennessee*, No. 3:06-CV-00186, 2007 WL 404706, at *6 (E.D. Tenn. Feb. 1, 2007) (plaintiff's allegations that judicial officers assessed improper fees and costs were "barred under the doctrine of judicial immunity"). Although Plaintiff seems to argue the second exception should apply — that Defendant Lauderbach exceeded his judicial authority — he is ultimately incorrect.

It has been established that "only in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity." *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) (brackets omitted) (quoting *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (en banc)). Although the exact nature of Plaintiff's underlying case before Defendant Lauderbach remains unclear, it relates to the custody of his child. The Michigan Supreme Court has established that "the circuit courts have subject matter jurisdiction to hear and determine child custody actions." *Bowie v. Arder*, 490 N.W.2d 568, 570 (Mich. 1992). It follows that Defendant Lauderbach was not acting in the complete absence of subject matter jurisdiction, neither exception strips him of immunity, and Plaintiff's final claim is therefore meritless.

Because Plaintiff's claims against all seven Defendants are barred by immunity, his complaint will be dismissed.

## IV

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 6, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objection, ECF No. 7, is **OVERRULED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** with prejudice.

Dated: March 19, 2013                               s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2013.

          s/Tracy A. Jacobs
          TRACY A. JACOBS

---